**Ralph A. POWERS, Plaintiff–Counter–Claim Defendant, Appellee–Cross–Appellant,**

v.

**UNITED STATES of America, Defendant–Counter–Claim–Plaintiff, Appellant–Cross–Appellee,**

and

**Robert L. Singara, Counter–Claimant–Appellee,**

and

**W. Russ Brightly, Movant.**

No. 00–6229.

United States Court of Appeals, Second Circuit.

March 19, 2001.

Annette M. Wietecha, Department of Justice, Tax Division; Paula M. Junghans, Acting Assistant Attorney General, John H. Durham, United States Attorney, and Ann B. Durney, Department of Justice, Tax Division, on the brief, for appellant.

Peter A. Anderson, Anderson & Ferdon, P.C., Norwich, CT, for appellee.

Present JACOBS, CALABRESI, Circuit Judges, and ARTERTON, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Ralph Powers appeals from the judgment of the United States District Court for the District of Connecticut granting summary judgment in favor of the United States, and fining Powers $52,710.40, plus interest, on the government's claim under 26 U.S.C. §§ 3102(a) and 3402(a), which require an employer to withhold income taxes and social security taxes from employee wages and to pay this money to the Internal Revenue Service (IRS). Section 6672 provides that the IRS may assess a penalty equal to the amount of unpaid taxes for violations of §§ 3102(a) and 3402(a).[1]

Powers was president, chief executive officer, and chairman of the board of Connecticut Printers, Inc. (CP), a commercial printing company, and an officer on the board of its parent company, Robertson Paper Box Company. On April 15, 1990, when CP was on the verge of bankruptcy, CP paid wages, but did not pay the related

---

* The Honorable Janet Bond Arterton of the United States District Court for the District of Connecticut, sitting by designation.

1. Powers initiated this suit, seeking abatement of the fine assessed by the IRS under § 6672; the government counter-claimed seeking payment of the fine. The government joined Robert Singara as another party potentially responsible for the failure to pay the taxes required by §§ 3102(a) and 3402(a).

The district court granted the government's motion for summary judgment against Powers, but denied the motion against Singara. Singara proceeded to trial, and the jury found for Singara. The government's post-verdict motion for judgment as a matter of law was denied, and the appeal from that order has been abandoned. Therefore, all that remains before this Court is Powers' appeal of the district court's grant of summary judgment.

withholding taxes. On April 18, CP's bank ended CP's line of credit. On April 19, Powers and CP's board of directors met to consider bankruptcy. Receivables arriving on April 20 provided sufficient funds to pay the owed withholding taxes, but Powers directed instead that the funds be applied to the April 19 payroll, again without payment of withholding taxes.

In pertinent part, Section 6672 reads:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. 6672(a). "Under this section, a party may be held liable for unpaid withholding taxes if: first, he is the 'responsible person' for collection and payment of the employer's taxes, and second, he 'willfully' failed to comply with the statute." *Fiataruolo v. United States*, 8 F.3d 930, 938 (2d Cir.1993).

We review the district court's grant of the government's motion for summary judgment *de novo. See Winter v. United States*, 196 F.3d 339, 346 (2d Cir.1999). "In the context of a section 6672(a) dispute ... summary judgment is appropriate where there are no genuine questions as to the assessed individual's control of company funds and decisionmaking authority, his or her knowledge of the deflection of company funds to payees other than the IRS, or the existence or reasonableness of his or her belief that the taxes were, in fact, being paid." *Id.*

■ We agree with the district court that the government carried its burden of showing that Powers was a "responsible person" under § 6672, a point Powers did not contest in answer to the government's petition for summary judgment. Although the issue depends on the "specific circumstances of [the] case," "courts generally take a broad view of who qualifies as a responsible person." *Fiataruolo*, 8 F.3d at 938. Powers (1) was the president, CEO, and chairman of CP, (2) owned a substantial portion of CP and its parent company (both family businesses), (3) admits he "ran meetings, ... analyzed numbers, ... proposed improvements, met with customers, [and] met with suppliers," (4) admits he "took part in the hiring and firing process," (5) made the key decisions relevant to the alleged violations of §§ 3102 and 3402, (6) may not have exercised daily authority, but did have considerable power over CP's various accounts, (7) had check-signing authority on CP's main account. In light of the (non-exclusive) factors cited in *Fiataruolo, see id.* at 939, this showing is clearly sufficient.

■ The government must also demonstrate that Powers acted willfully:

In order to satisfy the willfulness requirement, a responsible person need not act out of an evil motive or an intent to defraud. Instead, [t]he principal component of willfulness is knowledge: a responsible person acted willfully within the meaning of § 6672(a) if he (a) knew of the company's obligation to pay withholding taxes, and (b) knew that company funds were being used for other purposes instead. Thus, failures are willful within the meaning of section 6672(a) if they are voluntary, conscious and intentional—as opposed to accidental—decisions not to remit funds properly withheld to the Government.

*Winter*, 196 F.3d at 345 (internal citations and quotation marks omitted, alterations

in original). Powers admits that he was informed on April 18 that the withholding taxes owed on the April 15 payroll were unpaid, that he directed that funds received on April 20 be used to pay the April 19 payroll, rather than the back taxes, and that he was aware that CP would have insufficient funds to cover the taxes owed on the April 19 payroll. Powers' conduct is therefore willful as a matter of law.

 According to Powers, he believed that he would have been criminally liable under Connecticut law if failed to pay the April 15 payroll. This Court rejected a similar argument in *Hochstein v. United States*, 900 F.2d 543, 549 (2d. Cir.1990), and Powers' attempts to distinguish his case from the facts of *Hochstein* are unpersuasive. In any event, his belief as to competing duties raises no material question as to willfulness, because "potential adverse consequences simply are no excuse for failing to collect and pay withholding taxes." *Id.*

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.